BENJAMIN PORTER *vs.* CHARLES DETERLY.

An appeal or writ of error will not lie at law, except from a final judgment.
The circuit court in this State, has jurisdiction in cases brought by writ of *certio-rari*, from the decisions of justices of the peace.

This case was brought by appeal from the circuit court of Warren county.

Benjamin Porter had obtained before E. R. Warren, a justice of the peace, judgment against Charles Deterly, for several sums and executions upon those judgments had been levied upon a negro girl as the property of the defendant in the judgments. An issue to try the right of property to the negro levied on, was made before the justice of the peace and decided in favor of the plaintiff in the executions. The case was removed at the instance of the defendant, by writ of *certiorari*, from the justice's to the circuit court. And at that court the plaintiff in error moved to dismiss the writ of *certiorari* for a variety of reasons; among others, that the circuit court had not jurisdiction of such cases. This motion the circuit judge overruled; and from that decision the plaintiff appealed, and prosecuted this his appeal without waiting for a final disposition of the case.

Several errors are assigned, but as the case was not disposed of upon its merits, it is not deemed necessary to notice any of them.

*H. C. Coones*, for appellant,

After discussing the merits of the case, contended further:

1. The circuit court has no jurisdiction of cases under the sum of fifty dollars.

In support of this position, I cannot do better than to select the positions and adopt the reasons and argument of the high court, in the opinion in the case of *Loomis* v. *The Commercial Bank of Columbus.* 4 Howard, 676–77. In that case the court say,

"We assume the position as undeniably true, that all our courts, both superior and inferior, derive their jurisdiction from

the constitution; and that they possess only such jurisdiction as is given with the incidental powers necessary to carry out that jurisdiction. In addition to this, we maintain the further position, that all jurisdiction has been parcelled out and distributed by the constitution; none remains ungranted. It was obviously the design of the convention to create appropriate tribunals for the determination of every matter of litigation. The first section of the fourth article of the constitution declares the judicial power of this State to be vested in one high court of errors and appeals, and such other courts of law and equity as are thereafter provided for; and, in the same article, we find a portion of that power given to the circuit courts, and other portions to justices of the peace. The circuit courts have original jurisdiction in all matters civil and criminal; 'but in civil cases, only where the principal of the sum in controversy exceeds fifty dollars.'" (The principal, in both cases before the justice, was under fifty dollars originally.)

"This is obviously a limitation on the powers of that court. It has not, nor can it acquire by the aid of the legislature, jurisdiction in civil cases, when the amount is liquidated, under fifty dollars." Then it seems to me to follow, as a necessary consequence, that the circuit courts cannot entertain jurisdiction of cases of *certiorari* from the justices of the peace, where the original sum in controversy was under fifty dollars, as were the cases at bar.

Jurisdiction is of three kinds only; original, concurrent, and appellate. The jurisdiction claimed by the circuit court cannot be original, as the constitution expressly limits it to cases that exceed fifty dollars. It cannot be concurrent, because the constitution gives or grants expressly, all cases of fifty dollars and under, to justices of the peace; and the circuit court cannot take away this grant; and it is only by the aid of legislation that it can be claimed. It cannot be appellate, because the constitution has vested that branch of jurisdiction in the high court of errors and appeals.

The latter clause of the 23d section of the 7th article of the constitution says, " In all cases tried by a justice of the peace,

the right of appeal shall be secured under such rules and regulations as shall be prescribed by law." This, however, only gives to the legislature the right to prescribe the mode in which appeals shall be taken; but does not give to the legislature the power to take away any jurisdiction the justices of the peace may have, or impart any to the circuit courts.

It is therefore clear to my mind, that where the justices of the peace have jurisdiction of a case, they are competent to determine it; and if they err, their errors can only be corrected by an appeal before a jury of five men, according to the statute, or a writ of error to the high court of errors and appeals, and not by *certiorari* or appeal to the circuit court. 1 Hen. and Mun. 421–22.

If, then, I am right in any of the positions I have assumed, and the proceedings are erroneous in the circuit court, the whole, it seems to me, ought to be dismissed.

Mr. Justice CLAYTON delivered the opinion of the court.

This cause was commenced before a justice of the peace, and after judgment had been rendered in his court, was brought by *certiorari* into the circuit court. In the latter court, a motion was made by the plaintiff in error to dismiss the cause, for various reasons assigned; which motion was overruled. From the order overruling the motion, an appeal was taken to this court without waiting for a final judgment upon the merits. We have already decided that an appeal or writ of error will not lie at law, except from a final judgment. The reason is a very obvious one; upon the trial on the merits, the decision might be in favor of the party who supposes himself aggrieved by the intermediate judgment.

The jurisdiction of the circuit court was questioned by the motion, among other things, because its jurisdiction, it is said, is entirely original in its character. This point has been likewise settled by this court, in favor of the jurisdiction of the circuit court, in cases of this kind. *Justus Hurd* v. *Wiley Tombs.*

The appeal must therefore be dismissed, and the cause remanded for further proceedings in the court below.